

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Overruled by ...*
*O-5324 when ...*
*complete*

Honorable Otto Brittain
County Auditor
Angelina County
Lufkin, Texas

Dear Sir:

Opinion Number O-5324
Re: Under the facts submitted
can the money voted in the
year 1941 by Angelina Coun-
ty for the purpose of es-
tablishing, enlarging and
equipping a County Hospital,
be used for the construction
of a Nurses' Home?

We acknowledge receipt of your letter requesting
an opinion on the question stated therein. We quote from
your letter as follows:

"In the year 1941 there was voted in Ange-
lina County a bond for the purpose of 'estab-
lishing, enlarging and equipping a County
Hospital and for all other necessary permanent
improvement in connection therewith'. The en-
larging of the County Hospital has never been
done. This delay because of the conditions,
lack of obtaining material, etc.

"The Commissioners Court is now contempla-
ting building a Nurse's Home at the County
Hospital. Can the money voted as explained
above be used for the construction of the
Nurse Home?"

It is well settled that bonds may not be issued by
a county for any purpose not specifically authorized by the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR F·

Legislature. We quote the following from Texas Jurisprudence, Vol. 11, Section 103:

"Statutory authorization is essential to the issuance of obligations by a county in the form or nature of bonds, and where power to issue bonds has been conferred it must be exercised in the manner prescribed by law."

The Legislature has not authorized the issuance of county bonds for the purpose of construction of a Nurses' Home, hence bonds may not be issued for that purpose.

The Legislature has authorized the issuance of County Hospital bonds. Revised Statutes, 1925, Article 4478. And the bonds of Angelina County were issued for a lawful purpose, but, in our opinion, the purpose stated, both in the statutes and in the election order and notice, is not broad enough to include Nurses' Homes.

In the case of Carroll vs. Williams, 202 S. W. 504, the use of county funds for purposes different from those for which the same were raised was involved. We quote from the opinion of the Supreme Court as follows:

"Second. Going to the real gist of the main issue before us, section 9 of article 8 of our State Constitution, supra, inhibits any and all transfers of tax money from one to another of the several classes of funds therein authorized, and, as a sequence, the expenditure, for one purpose therein defined, of tax money raised ostensibly for another such purpose. The immediate purpose in so prescribing a separate maximum tax rate for each of the classes of purposes there enumerated is, no doubt, to limit, accordingly, the amount of taxes which may be raised from the

people, by taxation, declaredly for those several purposes or classes of purposes, respectively. But that is not all. The ultimate and practical and obvious design and purpose and legal effect is to inhibit excessive expenditures for any such purpose or class of purposes. By necessary implication said provisions of section 9 of article 8 were designed, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever. Those constitutional provisions control, not only the raising, but also the application, of all such funds; and such is the legal effect of articles 2242 and 7357, supra, when properly construed and applied."

The reasoning of the Supreme Court in the above case applies with full force to the situation stated by you. The bonds were voted for the purpose of "establishing, enlarging and equipping a County Hospital and for all other necessary permanent improvements in connection therewith." It cannot be said as a matter of law that a Nurses' Home is a necessary permanent improvement of a hospital. A great many hospitals are operated without a Nurses' Home in connection therewith. Such homes may be a desirable or convenient adjunct of the hospital, but it cannot be said that they are necessary.

The voters authorized the bonds under the assurance that the proceeds would not be used for any purpose other than the one stated in the order and notice of election. "Where the order of the Commissioners' Court for an election upon a bond issue specifies the particular purpose to which the proceeds shall be applied, the order is, in effect, a contract with the voters; and the funds may not be applied to another and different purpose." Texas Jurisprudence, Vol. 11, Section 107.

Moore vs Coffman, 200 S. W. 374;
Black vs Strength, 246 S. W. 79.

Since the law does not authorize the issuance of bonds for the purpose of construction of a Nurses' Home, and since the Commissioners' Court is prohibited from diverting the proceeds of Hospital bonds to a different purpose, you are advised that the question submitted by you is answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s)     C. F. Gibson
Assistant

CFG-s:ff

APPROVED JUN. 7, 1943
(s)  Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED
Opinion Committee
By  F. D. Chairman